AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the  
Middle District of Florida

**SEALED**

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| ERIC LANCE REYNOLDS | ) | 6:21-mj- 1287 |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 7, 2019__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2252A(a)(2) | Distribution of child pornography. |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____  
*Complainant's signature*

Special Agent Kevin Kaufman, FBI  
*Printed name and title*

Sworn to before me via Telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: 4/1/2021

City and state: Orlando, FL

_____  
DANIEL C. IRICK  
UNITED STATES MAGISTRATE JUDGE

SEALED

STATE OF FLORIDA        CASE NO. 6:21-mj- 1287

COUNTY OF ORANGE

## AFFIDAVIT

I, Kevin Kaufman, being duly sworn, do hereby depose and state as follows:

1. This affidavit is submitted in support of a criminal complaint against ERIC LANCE REYNOLDS (REYNOLDS), for a violation of 18 U.S.C. § 2252A(a)(2)(A). As set forth in more detail below, I believe there is probable cause that on or about December 7, 2019 in Orange County, Florida, REYNOLDS distributed child pornography using any means or facility of interstate or foreign commerce or that had been transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A).

2. I have been a Special Agent (SA) with the Federal Bureau of Investigation (FBI) for the past 16 years. I am currently assigned to the FBI Violent Crimes Against Children Task Force.

3. I have received specialized training concerning investigations of sex crimes, child exploitation, child pornography, and computer crimes. I have also investigated and assisted in the investigation of matters involving the possession, receipt, distribution, and production of child pornography. During the course of my training and investigations, I have had the opportunity to

observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.  Moreover, I am a SA who is engaged in enforcing the criminal laws, including 18 U.S.C. § 2252A.

4. I have participated in various training courses concerning the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography. Additionally, I have participated in the execution of search warrants involving searches and seizures of computers, computer equipment, software, and electronically stored information.

5. I make this affidavit based on my experience and background as a law enforcement officer, including my experience with the FBI; my personal participation in the investigation; information provided by other FBI Special Agents who participated in this investigation with me, and other law enforcement officers and agency personnel.  Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.

6. This affidavit is submitted in support of a criminal complaint against REYNOLDS for a violation of 18 U.S.C. § 2252A.  As set forth in

more detail below, I believe there is probable cause that on or about December 7, 2019, in Orange County, Florida, REYNOLDS distributed child pornography using any means or facility of interstate or foreign commerce or that had been transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A).

### PROBABLE CAUSE STATEMENT

7. On March 18, 2021, federal agents interviewed federal inmate JONATHAN BOUDREAU (BOUDREAU) at the United States Courthouse in the Middle District of Florida. During the interview, BOUDREAU stated that approximately 15 years ago he met a male named ERIC REYNOLDS, later identified as REYNOLDS, on a dating application called Grindr. BOUDREAU kept in touch with REYNOLDS and last communicated with REYNOLDS in early 2020. REYNOLDS had regular access to a minor, hereinafter "the minor."

8. REYNOLDS and BOUDREAU had a sexual relationship and shared an interest in child sexual abuse material (CSAM). On multiple occasions, BOUDREAU and REYNOLDS shared CSAM with each other through KiK and Telegram. REYNOLDS and BOUDREAU talked about the minor and REYNOLDS told BOUDREAU that he was slowly trying

different things with the minor to further groom the minor into what BOUDREAU understood to be sexual activity.

9. Approximately 4 to 5 years ago, REYNOLDS invited BOUDREAU over to REYNOLDS' residence in Eustis, Florida. REYNOLDS told BOUDREAU that he had a surprise for BOUDREAU. BOUDREAU drove to REYNOLDS' residence and entered the residence. REYNOLDS led BOUDREAU to the bathroom where the minor was nude in the shower. BOUDREAU understood watching the child in the nude was REYNOLDS' alleged surprise. The minor exited the shower and walked around the residence while BOUDREAU and REYNOLDS watched. BOUDREAU and REYNOLDS engaged in sexual acts with each other, but not in front of, or with, the minor. BOUDREAU believed the minor was approximately 7 to 8 years old.

10. The next time BOUDREAU went to REYNOLDS' residence, he walked in and observed the minor blindfolded and nude on the bed. BOUDREAU and REYNOLDS took turns masturbating and performing oral sex on the minor. BOUDREAU believed that he and REYNOLDS were nude during the time they were sexually abusing the minor. BOUDREAU recalled he performed oral sex on REYNOLDS while REYNOLDS performed oral sex on the minor. BOUDREAU estimated he

participated in abusing the minor at this location approximately 2 to 3 times. BOUDREAU stated that he believed REYNOLDS was sexually abusing the minor on other occasions not with BOUDREAU present because the minor seemed to be "used to" the abuse.

11. In or around 2018, REYNOLDS moved to a different residence in Eustis, Florida. BOUDREAU stated he and REYNOLDS sexually abused the minor at least 3 to 4 times while at REYNOLDS' second residence in Eustis, Florida. BOUDREAU recalled that there was an incident where BOUDREAU used his cellular telephone to record himself entering a room at REYNOLDS' apartment. BOUDREAU activated his video camera on his cellular telephone and placed it in his front pants pocket so that the camera was still visible. BOUDREAU stated the phone recorded for approximately 30 seconds. BOUDREAU believed the recording captured REYNOLDS with the minor. The minor was nude and blindfolded on the bed. BOUDREAU transferred the recording from his cellphone to an external hard drive, which was at his residence. BOUDREAU volunteered to turn over the device and signed a consent to search form authorizing the FBI to search the device.

12. On March 19, 2021, your affiant went to xxxx Chandler Road, Apopka, Florida, and met BOUDREAU's attorney. BOUDREAU's attorney provided your affiant an external hard drive serial

#WX41A64DKH9F.  Pursuant to consent, the external hard drive was searched.  During the search, investigators located four videos which are described below:

**Video 1:**

File Name:  IMG_6975

Description: The video is approximately 3 seconds in length.  During the video, the minor is laying on a bed nude from the waist down.  The minor has a gray/white blanket covering the upper half of the minor's body.  The minor's erect penis is observed as the minor laid on the bed.

**Video 2:**

File Name:  IMG_6976

Description:  The video is approximately 14 seconds in length.  During the video, the minor is observed standing in a bedroom, next to a bed.  The minor is nude from the waist down and his penis is exposed.  In the video, the minor stated, "I don't want to use a mask".  A male can be heard responding "We'll do a little bit of the tasting and I'll let you play that for the rest."  The minor responded, "I don't like to..." and the video cut off.

**Video 3:**

File Name:  IMG_6977

Description:

The video is approximately 36 seconds in length.  During the video, the minor is observed standing in a bedroom, next to a bed.  The minor is nude from the waist down and his penis is exposed.  In the video a conversation occurred between, REYNOLDS, the minor, and BOUDREAU. During this conversation, the minor removes his shirt.  REYNOLDS does not appear to be under the influence of any substances.

REYNOLDS: (REYNOLDS hands the minor a blind fold) "No attitude. So, are we doing attitude? Take this off please."

The minor: "I don't need two."

REYNOLDS: (Brings the minor a second eye mask) "Yes...the last time."

The minor: "Why?"

REYNOLDS: "We are giving a lot of attitude. I don't think he is going to get the surprise."

The minor: "I just don't like to wear two."

REYNOLDS: "It doesn't seem [the minor] is going to get much of a surprise."

The minor: "[REYNOLDS]"

BOUDREAU: "Are you enjoying your thanksgiving break?"

The minor: "Not right now."

REYNOLDS: "With this attitude, he's not going to get anything."

**Video 4:**

File Name: IMG_6978

Description:

The video is approximately 8 seconds in length. During the video, it appears a person is walking with the recording device into a room in which the minor is in. The minor is observed nude with an erect penis. REYNOLDS instructed the minor, "Down further, move over this way." The minor then re-positions himself on the bed.

13. SA Rodney Hyre and your affiant went to the minor's residence and spoke with the minor's parent. Your affiant informed the minor's parent

about the sexual abuse to the minor and requested permission to forensically interview the minor. Permission was given from the minor's parent, and an interview was scheduled. Prior to the interview, your affiant contacted the Lake County Sheriff's Office (LCSO) to report the incident captured in the video provided by BOUDREAU. Your affiant informed the LCSO about the scheduled interview of the minor.

14. On March 19, 2021, the minor was interviewed by a Child/Forensic Interviewer (CAFI). The interview was video recorded and observed by SA Hyre and your affiant. During the interview, the minor did not disclose any details about the sexual abuse. After the interview, your affiant and SA Hyre requested to speak with the minor and a recorded interview occurred. During the interview, the minor disclosed that REYNOLDS touched the minor's penis and performed oral sex on the minor between 15 to 50 times. The minor stated the minor was blindfolded during the incidents. The minor believed REYNOLDS used his cellular telephone to take pictures of the minor while the sexual abuse occurred.

15. After the interview the LCSO and the FBI contacted REYNOLDS at his residence in Mt. Dora, Florida. REYNOLDS answered the door to his residence and was advised that someone had made allegations that REYNOLDS had sexually abused them. REYNOLDS exited

8

his residence and agreed to speak with the investigators. The interview was recorded, and prior to the interview beginning, REYNOLDS was advised he was not under arrest, he did not have to answer any questions, and was free to leave. REYNOLDS stated he understood and an interview occurred.

16. During the interview, REYNOLDS stated he knew who BOUDREAU was and identified BOUDREAU as "Jay." REYNOLDS stated he had a sexual relationship with BOUDREAU. REYNOLDS claimed he was scared of BOUDREAU and stated BOUDREAU often sent him CSAM. Occasionally, BOUDREAU asked REYNOLDS to send him CSAM and REYNOLDS stated he used to send CSAM to BOURDREAU from his old cellular telephone using the KiK and Telegram applications. Your affiant asked REYNOLDS if he had viewed CSAM on any of the devices he currently owned. REYNOLDS stated he had seen CSAM on his current cellular telephone identified as an Apple iPhone 12 Pro Max and on his Galaxy tablet. REYNOLDS provided the items to your affiant and provided verbal consent to search the Devices. REYNOLDS unlocked his iPhone 12 and directed your affiant to the KiK application.

17. REYNOLDS was asked about abusing the minor. REYNOLDS adamantly denied ever abusing the minor. REYNOLDS was advised that law enforcement had viewed a video in which REYNOLDS is abusing the minor.

9

REYNOLDS demanded to see the video. Your affiant showed REYNOLDS a portion of Video 3, described above. REYNOLDS identified himself in the video. REYNOLDS stated the video was recorded at his apartment in Eustis, Florida. REYNOLDS stated he did not remember sexually abusing the minor and claimed he was on drugs. REYNOLDS was placed under arrest by the LCSO and has been charged with capital sexual battery of a minor under 12 years old.

## SEARCH WARRANT AND FORENSIC REVIEW

18. Although REYNOLDS provided consent to search his iPhone 12 and Galaxy Tab E, on March 25, 2021, your affiant obtained a federal search warrant to search each of the devices.

19. On March 30, 2021, your affiant conducted an initial forensic review of an Apple iPhone 12 Pro Max (A2172), serial number F2LDQJU10D45. During the review, your affiant located images and videos of child sexual abuse material. Specifically, your affiant located an image containing the file name 32f99258-9d7c45d5-88e8-a1e0f8998a97. The image was a close-up of an adult hand touching the penis of a child who is approximately 7-9 years old. The image was distributed from REYNOLD's KiK account on December 7, 2019 at approximately 3:14 p.m., via the Internet, which is a means and facility of interstate commerce. The image was

distributed during the below conversation between REYNOLDS and another KiK user, hereinafter "D":

>REYNOLDS: Since you sent a video of touching I will send the same type back hold on what will you and me after I send you this?
>
>D: that's what I was hoping for.
>
>REYNOLDS: Ok how young you like to see?
>
>D: 5...6...7..10. lol
>
>REYNOLDS: You Not a cop right? And when I send this to you what will you send me back?
>
>D: I am not. I swear
>
>D: a guy that loves seeing young pussy and young sucking and young getting fucked. it's such a lust for me
>
>D: and if you are for real I will return the favor
>
>D: I was hoping to meet someone I really was
>
>D: did I lose you?
>
>REYNOLDS: No I am here
>
>D: ok. no pressure man haha
>
>REYNOLDS: I will send you my icebreaker what will you send me that?
>
>REYNOLDS: Back?
>
>REYNOLDS: Not that lol
>
>D: you show.me what I'm hoping to see and you will see me getting my dog all the way hard

11

D: and if you send another that's even better I will suck him for you

REYNOLDS: After I send this icebreaker will you send me a video of you sucking him and getting him hard and then I will send you another one?

D: I would like to do the order I just said please. you won't be disappointed

D: I want to show you

D: everything. but we need to kinda move along here my son is gonna come up stairs pretty soon.

D: but haha no rush

REYNOLDS: Just saying that it be nice to see more than touching after I sent you this icebreaker that way I can see some kind of action going    on to comparable to what I will be sending you

D: like very soon actually lol

REYNOLDS: Would you make a live video with him and send it to me?

D: you will see him hard as a rock. me getting a dog hard In a live vid man. that's a huge thing for a guy to do and then more right after that. that's m offer. I don't want you to get upset so if you are out then just say

D: it's ok?

D: ok

REYNOLDS: Ok

D: ok your out. or ok your sending?

REYNOLDS: Yes ok going to send

D: I'm excited

REYNOLDS: *REYNOLDS sent an image of a male child approximately 7-9 years old who is dressed in pajamas standing in the bathroom. The image is taken through a peephole of the bathroom door.*

D: the waiting is Killing me haha

REYNOLDS: It is sending

D: lol slooooow

REYNOLDS: Yes

D: *D sent an unknown image*

D: you see to me what I've just sent is way over the top compared to what you just sent

D: so you see. that's me.. live haha right now stroking my dog

REYNOLDS: I'm going to send you a good one can you send me you sucking him back?

D: we can go more. but what I've done is way more than what you've sent so in order for me to go again I need something very good from you.

D: you understand right?

D: I will i has to be very good

D: like cum

D: or young sucking

REYNOLDS: I got you yes it will be really good so that you can send me a video of you sucking it

D: ok (emoticon)

13

REYNOLDS: May I ask you a question would you ever take a live video for me with you and your son?

REYNOLDS: *REYNOLDS sent an image with the file name: 32f99258- 9d7c45d5-88e8- a1e0f8998a97. The image was described above.

REYNOLDS: It is sending

D: doing what?

D: I'm not sexual with him

D: I never did. wanted to!

REYNOLDS: doing the video I just sent you

REYNOLDS: Would you send me a live video of you doing the video that I just sent you?

D: not possible

REYNOLDS: Your turn

REYNOLDS: Did I lose you?

D: dog is outside and son is up. I am not lying

REYNOLDS: You can send me a live video with you and your son :-) or check

REYNOLDS: That would be fair to the one that I sent you

D: if you can keep going I owe you

D: a d wanna keep going

D: *D sent an unknown image*

20. Further review of the Apple iPhone 12 Pro Max (A2172), serial number F2LDQJU10D45, revealed that between approximately December 6, 2019 and December 8, 2019, the defendant was house-sitting for a friend who resided at XXXX Beatrice Drive, in Orlando, Florida. Location data retrieved from the device revealed that on December 7, 2019 at approximately 5:52 a.m., the device was connected to the internet, in the vicinity of Beatrice Drive, Orlando, Florida. Continuing on December 7, 2019 at approximately 8:34 a.m., REYNOLDS sent a text message indicating he had arrived back at his apartment in Eustis, Florida, in order to pay some bills, but was intending to return to the house in Orlando. At approximately 10:53 a.m., REYNOLDS sent a text message stating he was heading back to the house in Orlando, Florida. REYNOLDS distributed the above described image at 3:14 p.m. The following morning, on December 8, 2019, REYNOLDS sent a text message indicating he returned back to his home in Eustis, Florida.

21. Your affiant partially viewed the Galaxy Tab E that REYNOLDS provided. Your affiant located approximately 35 images (thumbnails) of CSAM in the following file path: Internal storage>Android>data>org.videolan.vlc>files> medialib. The images contained children being sexually abused and the ages of the victims ranged

from infant to 16 years old. The file details indicated the files were last viewed on December 2, 2020.

## CONCLUSION

22. Based on the above, there is probable cause that on or about December 7, 2019, in Orange County, in the Middle District of Florida, REYNOLDS knowingly distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

Kevin Kaufman
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by Zoom consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this __1__ day of April 2021.

Executed via telephone because Zoom was not connecting properly.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

16